**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 13-00761-VAP (DTBx)                                     Date:  July 1, 2013

Title:   MARTINGALE INVESTMENTS, LLC -v- ARGIRIOS NOTIS
==================================================================
PRESENT:         HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:      MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    On April 25, 2013, Defendant Argirios Notis ("Defendant") removed this action from the California Superior Court for the County of San Bernardino. Defendant fails to set forth any basis for the Court's jurisdiction over this matter. (See Not. of Removal (Doc. No. 1). For the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.

EDCV 13-00761-VAP (DTBx)
MARTINGALE INVESTMENTS, LLC -v- ARGIRIOS NOTIS
MINUTE ORDER of July 1, 2013

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendant has not set forth any basis for this Court's jurisdiction in the Notice of Removal. In any event, Defendant would be unable to establish jurisdiction under either federal question or diversity jurisdiction.

Defendant cannot remove this matter under federal question jurisdiction. From the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint). Without a federal question, there is no federal question jurisdiction.

Similarly, Defendant cannot remove this matter under diversity jurisdiction. The face of the Complaint indicates that the amount in controversy is under $10,000, well below the $75,000 required by 28 U.S.C. § 1332 to establish the Court's diversity jurisdiction.

Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**

MINUTES FORM 11                                                   Initials of Deputy Clerk ___md___
CIVIL -- GEN                                Page 2

**EDCV 13-00761-VAP (DTBx)**
**MARTINGALE INVESTMENTS, LLC  -v- ARGIRIOS NOTIS**
**MINUTE ORDER of July 1, 2013**